IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MILTON BEARD,

    Plaintiff,

v.                                                                                                    No. 1:17-cv-01009-JDB-egb

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

       On January 11, 2017, the Plaintiff, Milton Beard, filed a *pro se* complaint seeking judicial review of a decision of the Defendant, Commissioner of Social Security. (Docket Entry ("D.E.") 1.) In its April 25, 2017 order granting the Plaintiff's motion to proceed *in forma pauperis*, the Court warned Beard that failure to comply with the Court's requirements, including "any other order of the Court, may result in the dismissal of the action." (D.E. 4 at PageID 12.) After the Commissioner filed an answer on July 14, 2017, (D.E. 7), the Court entered a scheduling order on July 20, 2017, giving the Plaintiff thirty days to file a brief in support of his claim, (D.E. 8). After he failed to do so, the Court ordered him to show cause within fifteen days of September 26, 2017, as to why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (D.E. 10.) The Court again cautioned Beard that failing to respond would result in the dismissal of this case in its entirety. (*Id.*) As of the date of this order, no response has been filed.

       Rule 41 permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). While the rule "does not expressly provide for

a *sua sponte* dismissal . . . it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citation omitted). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam) (citation omitted). Notably, "[a]lthough *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Roman v. Comm'r of Soc. Sec.*, No. 3:11-CV-2096, 2012 WL 2026713, at *2 (N.D. Ohio May 18, 2012) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)), *report & recommendation adopted by* 2012 WL 2026616 (N.D. Ohio Jun. 5, 2012).

The Sixth Circuit has articulated four factors to guide district courts in assessing whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *2 (6th Cir. Sept. 12, 2017) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Marcelino v. Colvin*, No. 3:16-CV-465-TRM-HGB, 2017 WL 1839194, at *2 (E.D. Tenn. Apr. 17, 2017) (quoting *Schafer*, 529 F.3d at 737), *report & recommendation adopted by* 2017 WL 1843212 (E.D. Tenn. May 5, 2017). Applying these factors to the present case, the Court finds that dismissal pursuant to Rule 41(b) is warranted. Fed. R. Civ. P. 41(b).

As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (internal quotation marks omitted). A *pro se* plaintiff's lack of response following a court warning that such inaction could result in dismissal evidences his willful failure to prosecute the case. *See, e.g.*, *Norris v. Comm'r of Soc. Sec.*, No. 14-13559, 2016 WL 1267101, at *2 (E.D. Mich. Mar. 15, 2016) (finding that the first and third factors favored dismissing a Social Security appeal after the *pro se* petitioner failed to respond to two orders to submit court filings, the latter of which warned that failing to comply could result in the case's dismissal), *report & recommendation adopted by* 2016 WL 1259152 (E.D. Mich. Mar. 31, 2016). In Social Security appeals, this factor tends to weigh against *pro se* plaintiffs who do not comply after courts provide a subsequent "opportunity for compliance." *Rivera v. Comm'r of Soc. Sec.*, No. 4:16CV2316, 2017 WL 1683660, at *1 (N.D. Ohio Apr. 11, 2017) (indicating that failing to file any court documents following two court orders to do so amounted to the *pro se* "plaintiff appear[ing] to have abandoned her case"), *report & recommendation accepted by* 2017 WL 1649825 (N.D. Ohio May 2, 2017); *see, e.g.*, *McCoy M.B. v. Comm'r of Soc. Sec.*, No. 3:15-cv-01284, 2016 WL 3647653, at *1 (N.D. Ohio Jan. 5, 2016), *report & recommendation adopted by* 2016 WL 3555340 (N.D. Ohio Jun. 30, 2016). Thus, given that Beard disregarded the Court's scheduling order, (D.E. 8), and order to show cause, (D.E. 10), the first prong favors dismissal.

"With respect to the second factor . . . '[t]he key to finding prejudice . . . is whether the defendants waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Crawford*, 2017 WL 4182098, at *3 (alterations in original) (quoting *Schafer*, 529 F.3d at 739). "[A] defendant cannot be expected to invest time, resources

and expenses to defend a case that a plaintiff may have abandoned." *Roman*, 2012 WL 2026713, at *2. "While [a] [d]efendant is not prejudiced by a small delay, [a] [d]efendant should be afforded a final decision at some time." *Hopkins v. Astrue*, No. 03-70455, 2012 WL 3963340, at *2 (E.D. Mich. Aug. 8, 2012), *report & recommendation adopted by* 2012 WL 3966246 (E.D. Mich. Sept. 11, 2012). Accordingly, here, "other than having to compile the administrative record unnecessarily and to file the briefs in the case," "there is no great prejudice to the Commissioner." *Rivera*, 2017 WL 1683660, at *1.

The third prong, which the Sixth Circuit described as "a key consideration" in analyzing whether to dismiss a case under Rule 41(b), has been satisfied, as the Court clearly warned Beard twice, (D.E. 10; D.E. 4 at PageID 12), that failure to respond could result in dismissal of this action. *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); s*ee Rivera*, 2017 WL 1683660, at *1 (determining that dismissing the case was "an appropriate sanction" in light of the fact that "the plaintiff was explicitly warned that failure to file her brief may result in dismissal with prejudice").

Regarding the final factor, because the Plaintiff failed to prosecute this case beyond filing his complaint, (D.E. 1), dismissal is warranted. *See Marcelino*, 2017 WL 1839194, at *2 ("[D]ismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." (quoting *Jourdan*, 951 F.2d at 110)); *Duvall v. Comm'r of Soc. Sec.*, No. 2:12-cv-486, 2012 WL 5288125, at *2 (S.D. Ohio Oct. 25, 2012) (explaining that "no alternative sanction would protect the integrity of the pretrial process" "[b]ecause [the] [p]laintiff has missed deadlines and disregarded [c]ourt orders"), *report & recommendation adopted by* 2012 WL 5935950 (S.D. Ohio Nov. 27, 2012). "Without a dispositive motion setting forth the alleged errors the Commissioner has committed in denying his application for benefits, with citation to the record

to support factual allegations . . . the Court cannot undertake a meaningful review of the decision on appeal." *Marcelino*, 2017 WL 1839194, at *2 n.1 (noting "that the [p]laintiff 'bears the burden of proving his entitlement to benefits'" (quoting *Boyes v. Sec'y. of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994))); *see McCoy M.B.*, 2016 WL 3647653, at *2 (reasoning that because "briefing [was] necessary" to adjudicate a *pro se* Social Security appeal, "a sanction less than dismissal would not be effective in ensuring resolution of the case").

Furthermore, "[a]lthough *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders." *Rivera*, 2017 WL 1683660, at *2 ("[P]ro se litigants are not to be accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines." (citing *Jourdan*, 951 F.2d at 110)). Because Beard has been wholly noncompliant, despite the Court's show-cause order, dismissing the case is the only appropriate sanction. (D.E. 10.)

In light of the majority of Rule 41(b) factors supporting dismissal, this matter is DISMISSED without prejudice. *See McCoy M.B.*, 2016 WL 3647653, at *2 ("[A]lthough warned that her [c]omplaint may be dismissed with prejudice, considering the fact that [the] [p]laintiff is proceeding *pro se*, the [court] concludes that dismissal without prejudice (as a less drastic sanction than dismissal with prejudice) is warranted.").

IT IS SO ORDERED this 13th day of November 2017.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE